UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAYVIEW LOAN SERVICING, LLC,

        Plaintiff,                        Case No. 10-11678
                                                           Honorable David M. Lawson
v.

DAVID L. JONES and D.L.J.
PROPERTIES, LLC,

        Defendants.
_____/

## ORDER DISMISSING THE CASE WITHOUT PREJUDICE

On May 19, 2010, the Court filed an order directing the plaintiff to file an amended complaint with proper allegations supporting jurisdiction or show cause on or before May 28, 2010 why its complaint should not be dismissed for want of subject matter jurisdiction. The Court was not able to discern from the allegations in the complaint whether complete diversity existed between the parties. The complaint was insufficient because the plaintiff did not disclose citizenship of its own members or the members of the defendant limited liability company, D.L.J. Properties, LLC. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2010) (holding that diversity jurisdiction in the case of a limited liability company is assessed on the basis of the citizenship of each of its members).

On May 20, 2010, the plaintiff responded to the Court's order to show cause. In its response, the plaintiff listed the members of itself, but as to the citizenship of D.L.J. Properties it stated: "Upon information and belief, . . .Defendant, D.L.J. Properties, LLC is a Michigan Limited Liability Company with its registered address at 22436 Tireman, Detroit, MI 48239." Response to Order to Show Cause at 2. Neither the plaintiff's response nor any of the attachments thereto disclose the

members of D.L.J. Properties, LLC or the citizenship of those members. Therefore, the Court cannot make a determination that complete diversity exists between the parties. The plaintiff, as the party invoking the Court's jurisdiction, bears the burden of showing that such complete diversity exists. *Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 641 (6th Cir. 2001). Because it has failed to carry this burden despite two opportunities for doing so, the Court will dismiss the case without prejudice for want of subject-matter jurisdiction.

Accordingly, it is **ORDERED** that the plaintiff's complaint is **DISMISSED** without prejudice.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: May 28, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 28, 2010.

s/Teresa Scott-Feijoo  
TERESA SCOTT-FEIJOO